ARCHER-STRAUSS RUBBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 17194, 25188.   Promulgated December 22, 1927.

*Frederick W. Otto, Esq.,* and *Myer L. Orlov, Esq.,* for the petitioner.

*L. C. Mitchell, Esq.,* for the respondent.

810

## OPINION.

SMITH: In view of the fact that Calvin B. Archer, who owned all of the stock of the A & A Rubber Co. received only 499 shares of stock of the petitioner and 501 shares of stock were issued to Aaron L. Strauss and Albert Gutterman for $30,000 cash, the respondent has determined that the assets of the A & A Rubber Co. paid in to the petitioner for shares of stock had a cash value of slightly less than $30.000. The evidence shows, however, that the assets of the A & A Rubber Co. were worth very much more than $30,000. Archer was glad to have Strauss associated with him. He had the reputation of being a successful business man and manufacturer. With his assistance Archer knew that the business would be a success and was willing to turn over the assets of the A & A Rubber Co. to a new corporation in which he should hold substantially 50 per cent of the stock. These assets were not turned in to the corporation, however, for 499 shares of stock but for 700 shares of stock. By a collateral undertaking Archer agreed to turn over to Strauss 201 shares of the capital stock which would be issued to him for the assets of the A & A Rubber Co. The evidence warrants a finding that the fair cash value of those assets was at least $70,000 and they should be held to have that value in computing invested capital.

There is no question before the Board as to the correctness of the rates used by the respondent in computing depreciation. The cash values of the depreciable assets paid in to the petitioner upon organization on January 2, 1917, are set forth in the findings of fact.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by TRUSSELL, LOVE, and LITTLETON.